JOURNAL PRINTING COMPANY, a corporation of the State of Delaware, *vs.* JACOB B. MAXWELL.

*Assumpsit—Promissory Note—Innocent Holder—Fraudulent Representations—Failure of Consideration—Recovery pro tanto under the Statute—Knowledge of the Fraud.*

1. When the third party acquires the ownership of a promissory note before maturity in good faith, and for a valuable consideration, he is regarded in law as an innocent holder for value, and entirely unaffected by any fraud in the inception of the note.

2. In all cases in which fraud is set up as a defence, in order to avail the defendant it must be clearly proved just as any other material fact in the case. And it must be shown that it was by reason of such fraud that the note was given, and that the plaintiff either obtained the note after maturity, or if obtained before maturity, that he had at the time knowledge of the fraud.

3. A mere affirmation or declaration as to the character of the property which is the consideration of the note, which is in fact untrue, is not sufficient in law to establish fraud, but the representation must be false, and known by the party making it to be false, at the time he made it.

4. Under the Statute, *Chapter 588, Vol. 20, Laws of Delaware*, if the jury believe the note was obtained by the plaintiff after maturity, or before maturity but without knowledge of the fraud, and also believe that the property for which the note was given had some value, they may find for the plaintiff *pro tanto*, that is for such sum as they find such value to be.

(*February 7, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*James W. Ponder* for plaintiff.

*Edwin R. Cochran, Jr.*, for defendant.

Superior Court, New Castle County, February Term, 1899.

ACTION OF ASSUMPSIT (No. 90, May Term. 1898) based on a promissory, note brought by the endorser against the maker.

The facts sufficiently appear in the charge of the court.

PENNEWILL, J., charging the jury :

Gentlemen of the jury :—In this action the Journal Printing Company, the plaintiff, seeks to recover from Jacob B. Maxwell, the defendant, the sum of $290.78, and bases its claim on a certain promissory note, which is in evidence, given by the defendant to Charles W. Edwards, dated March 7, 1898, at thirty days, for the sum of three hundred dollars. It is not disputed that a payment of twenty-five dollars was made on the note March 7, 1898, and that it is subject to a credit for that amount. The sum claimed embraces the balance of the principal, together with the interest and costs of protest. It is admitted by the defendant that he executed the note and delivered the same to Edwards the payee therein ; and it is not disputed that the latter endorsed the note, but it is denied that it was delivered to the plaintiff, or that it acquired any title thereto, before maturity. The plaintiff insists that it obtained the note from Edwards for a valuable consideration, to wit, on account of his indebtedness to the Journal Printing Company, and that the note was so obtained, and it became the property of the plaintiff, before its maturity. The defendant sets up in defence, not only that the note was acquired by the plaintiff, if acquired at all, after the same became due and payable according to its terms, that is, after its maturity, but that it was obtained from the defendant by the payee, Edwards, through false and fraudulent representations as to the value of the stock in the Greater Wilmington Printing and Publishing Company, which stock he declares was a consideration for which the note was given. The plaintiff denies that any such representations were made, and insists that even if they were made by Edwards, they constitute no legal defence to this action, because the plaintiff obtained the note before maturity, and at the time he obtained it he had no knowledge of the alleged false and fraudulent representations made by Edwards to the defendant. And the plaintiff also contends that even if such representations were made as alleged by the defendant, and the note was acquired by it after maturity, yet the defendant would be liable because the defendant was not induced to give the note by reason of such representations.

You have heard the evidence, which is after all in a very

narrow compass, and we will now state to you, as best we can, the law applicable to the case. The law is very well settled and clearly defined by numerous decisions of this court, and it is not at all necessary for us to look beyond our own state for decisions to sustain it.

When a third party acquires the ownership of a promissory note before maturity, in good faith, and for a valuable consideration, he is regarded in law as an innocent holder for value, and entirely unaffected by any fraud that may have existed in the inception of the note on the part of the person to whom the note was given. If, therefore, you believe from the evidence that the plaintiff became the owner of the note in question before maturity, and had at the time it became such owner no knowledge of any false and fraudulent representations made by Edwards that induced Maxwell, the defendant, to give the note, the plaintiff would be entitled to recover; and even though it obtained the note after maturity, if you believe that no such false and fraudulent representations were made by Edwards, or if made, that the defendant was not induced by such representations to give said note, the plaintiff would still be entitled to recover. If, however, you believe the alleged false and fraudulent representations were made by Edwards to Maxwell, he Edwards knowing them at the time to be false, and that by reason thereof Maxwell was induced to give the note, and the plaintiff did not acquire the ownership of the note till after maturity; or if acquired before maturity, you believe from the testimony that the plaintiff at the time it obtained the note, had knowledge in any way of such false and fraudulent representations, the plaintiff would not be entitled to recover. We charge you, that under a statute of this state recently passed, if you find that the note was obtained by the plaintiff after maturity, or before maturity but with knowledge of the fraud, and you believe that the stock for which the note was given had some value, you may find for the plaintiff *pro tanto*, that is, for such sum as you find such value to be. And we further say that in this as in all other cases in which fraud is set up as a defence, in order to avail the defendant the fraud must be clearly established. It is never

presumed, but must always be proved just as any other fact in the case. It may however, be proved by either direct or circumstantial evidence; that is, either by the admission of the plaintiff or by other facts and circumstances from which fraud may be reasonably inferred. But although in a case like the present fraud should be proved, that fact alone would not be sufficient to defeat the plaintiff, but it must also be shown that it was by reason of such fraud that the note was given, and that the plaintiff either obtained the note after maturity, or had at the time he obtained it knowledge of the fraud. And we also say to you that a mere affirmation or declaration as to the character of the property which is the consideration for the note, which is in fact untrue, is not sufficient in law to establish fraud, but the representation must have been false, and known by the party making it to be false at the time he made it. And if the party who buys the property relies upon the representations and advice of some one other than the seller, or upon an examination or investigation made by himself, or made by some one he procures to do it for him, or if the means and opportunity of the purchaser of acquiring knowledge of the property bought, were equal to those of the seller, the representations made by the seller would be no defence.

Verdict for plaintiff for $60.00.